**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| MARK G. WOOD, M.D., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 7:07-cv-109 (HL) |
| | : | |
| ARCHBOLD MEDICAL CENTER, | : | |
| INC., et al., | : | |
| | : | |
| Defendants. | : | |

## ORDER

This matter is before the court on the Emergency Motion to Require Filing Under Seal (Doc. 473) (the "Motion") filed by Defendants Archbold Medical Center, Inc. (the "Medical Center") and John D. Archbold Memorial Hospital, Inc. (the "Hospital") (collectively referred to as "Petitioners"). For the following reasons, the Motion is denied.

Discovery in this case has closed and dispositive motions have been filed. Petitioners now seek to have this court order the Office of Clerk for the United States District Court for the Middle District of Georgia (the "clerk") to place under seal the Confidential Separation Agreement and General Release between the Archbold Medical Center, Inc. and William Sellers (the "Separation Agreement") and references to it in Plaintiff's Motion for Summary Judgment Brief (Doc. 468-1) and Statement of Material Fact (Doc. 469).

The Separation Agreement contains the terms of the resignation of William Sellers from his position as Chief Financial Officer of the Medical Center and the Hospital.  Sellers was accused of falsifying documents in order to obtain additional Medicaid funds for the Medical Center and the Hospital.   Sellers entered into the Separation Agreement with the Petitioners on February 15, 2008.  Later, he was indicted and pled guilty to three counts of falsification of records.

Respondent filed a Motion for Summary Judgment on September 30, 2009.   Respondent filed the Separation Agreement as an exhibit to his motion, and he made references to the Separation Agreement in his brief and his statement of fact.   Petitioners have asked this court to order the clerk to place the Separation Agreement and references to it under seal.

To support their position, Petitioners cite this Court's previous orders. On September 27, 2007, this Court, entered a Protective Order (Doc. 110) (the "September 27 Order") in which the Court instructed the parties to come to an agreement as to how to treat certain peer review documents and financial documents, as defined by that order, for the purposes of confidentiality and sealing.   On March 12, 2008, this Court entered the Revised Protective Order Governing Confidentiality of Documents to be Produced and Information Obtained in Discovery (Doc. 155) (the "March 12 Order").  This order, provided by the parties in response to the September 27 Order, established a process of designating certain documents

2

confidential and instructing the parties when certain documents should be filed under seal.  Petitioners argue that, under these orders, the Separation Agreement is confidential and should be filed under seal.

This Court has taken the opportunity to review these two previous orders.  Upon reconsideration, the Court finds that the September 27 Order (Doc. 110), having to do with filings under seal, was improvidently entered and that that order should be, and is hereby, rescinded.  Furthermore, the Court finds that its March 12 Order (Doc. 155) was likewise improvidently entered and that that order should be, and is hereby, rescinded.  Nothing shall be filed under seal unless on the order of the Court after a showing of good cause by the movant.

In light of the above ruling, this Court denies the Petitioners' Motion.[1] Petitioners cannot show good cause why the Separation Agreement should be sealed.  Petitioners argue that the Separation Agreement contains "proprietary business information" that would damage Petitioners competitively.  (Pet.'s Br. 4.)  However, Petitioners have not shown that the Separation Agreement contains anything more than "standard contractual release language."  (Resp.'s Br. 3.)  Respondent argues that the only information in the Separation Agreement that could be considered proprietary is the amount of money paid to Sellers by the Petitioners under

---

[1]   In a recent order (Doc. 453), this Court denied a similar motion by the Petitioners wherein they sought to have all motions for summary judgment filed under seal.

3

the Separation Agreement.  (Id.)  This information, though, on Petitioners' own admission, ultimately will be publicly disclosed when the Petitioners submit their tax returns for 2008.  (Id.)  Therefore, Petitioners cannot show that there is good cause to seal either the Separation Agreement or the references to it in the record.

For the foregoing reason, the Motion is denied.

**SO ORDERED**, this the 8th day of October, 2009.


*s/  Hugh Lawson*
HUGH LAWSON, JUDGE

jch

4