**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| **MARK G. WOOD, M.D.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Civil Action No.** |
| | : | **7:07-CV-109-HL** |
| **ARCHBOLD MEDICAL CENTER,** | : | |
| **INC., et al.,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

# <u>ORDER</u>

This matter is before the Court on Plaintiff's Motion to Strike or,

Alternatively, Dismiss the Hospital Defendants' Counterclaims and Memorandum

in Support (Doc. 430) (the "Motion").  For the foregoing reasons, the Motion is

denied.

## I.  Factual Background

Plaintiff filed his initial Complaint (Doc. 1) on September 30, 2005, and an

Amended Complaint (Doc. 2) on October 10, 2005.  All of the Defendants waived

service, and on December 12, 2005, the Defendants moved this Court to dismiss

the suit (Doc. 20).  Defendants did not file their Answer (Doc. 45) to the Amended

Complaint until July 27, 2006.  The parties engaged in a considerable amount of

discovery and filed numerous motions requesting various forms of relief from the

Court.

Near the close of discovery, on July 6, 2009, the Plaintiff filed his Second Amended Complaint (Doc. 400) (the "Complaint").  In this Complaint, the Plaintiff alleged additional facts to support his existing claims, alleged two new antitrust claims against several of the Defendants, and dropped his deceptive trade practices claim.

On July 6, 2009, Archbold Medical Center, Inc., John D. Archbold Memorial Hospital, James L. Story, Jr., M.D. and Mel Hartsfield, M.D. (collectively, the "Hospital Defendants") filed their Answer to the Second Amended Complaint and Defenses and Counterclaims of Hospital Defendants (Doc. 401) (the "Answer"). In their Answer, the Hospital Defendants responded to the additional factual allegations, raised two defenses not previously raised and, for the first time, asserted counterclaims against the Plaintiff.  The Hospital Defendants counterclaimed as follows: Count I for breach of contract arising out of the Plaintiff's behavior at the hospital and his pursuit of this lawsuit; Count II for breach of contract with regard to third party beneficiaries allegedly damaged by the Plaintiff's breach of contract, particularly the bringing of this suit; Count III for declaratory judgment with regard to the Hospital Defendants' claim of consent and release, which involves nearly identical factual and legal issues as the Hospital Defendants' Tenth Defense; and Count IV for declaratory judgment with regard to the Hospital Defendants' claims of immunity under the Health Care Quality Improvement Act, 42 U.S.C. § 11110, et seq., which involves nearly the

same factual and legal issues as the Hospital Defendants' Sixth Defense.

Plaintiff filed this Motion asking the Court to strike the Hospital Defendants' counterclaims pursuant to Federal Rule of Evidence 12(f), or to dismiss them for failure to state a claim under Rule 12(b)(6).

## II. Discussion

As a general rule, an amended complaint supercedes the original complaint, but, unless the amended complaint expands the theory or scope of the case, a defendant is not allowed to assert as a matter of right counterclaims that he could have asserted in his initial answer. See Brown v. E.F. Hutton & Co., 610 F.Supp. 76, 78 (S.D. Fla. 1985). Even if an asserted counterclaim exceeds the scope of the case, though, the defendant still may assert the claim if the court permits, which it should do if, among other reasons, justice so requires. See FRCP 13(f) and 15(a)(2). In this case, it is not necessary to engage in a wide-ranging inquiry as to whether or not the Plaintiff's Second Amended Complaint expands the scope of the case so as to allow the Hospital Defendants to assert their counterclaims because this Court will permit the Hospital Defendants to assert the counterclaims under Rules 13(f) and 15(a)(2).

Rule 13(f) provides that a "court may permit a party to amend a pleading to add a counterclaim if it was omitted through oversight, inadvertence or excusable neglect or if justice so requires." Likewise, Rule 15(a)(2) states that a "court should freely give leave [to amend] when justice so requires. As if this standard

3

were not broad enough, the Supreme Court has stated that these rules should be interpreted liberally.  <u>See</u>, <u>e.g.</u>, <u>Foman v. Davis</u>, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962).  In order to succeed in opposing a motion to amend, it is not sufficient for a plaintiff only to show undue delay of the amendment.  <u>See</u> <u>Spartan Grain & Mill Co. v. Ayers</u>, 517 F.2d 214, 220 (1975).  A plaintiff also must show bad faith, dilatory motive, repeated failure to cure deficiencies through amendment previously allowed, undue prejudice, or futility.  <u>See</u> <u>Foman</u>, 371 U.S. at 182, 83 S.Ct. at 230.  In this case, Plaintiff only has alleged that the tardy amendments would be futile.  The Court does not agree.

The Plaintiff argues that Counts I and II in the Answer are futile because "the purported contract they rely upon does not allow for the recovery of fees." (Pl.'s Reply Br. 5.)  Plaintiff argues that the Hospital Defendants are looking only to recover their costs of litigation for having to defend a breach of contract claim, yet neither the contract at issue nor Georgia law allows for the recovery of litigation costs in this situation.  (Pl.'s Reply Br. 6-7.)  While it is true that the Hospital Defendants ask the Court to award the litigation costs for having to defend this lawsuit, the Hospital Defendants also ask for the Court to "award all damages incurred by the Hospital" as a result of various breaches, both related to the pursuit of this lawsuit *and* the behavior of the Plaintiff in the conduct of his duties.  (Def.'s Answer 19-22.)  In these allegations, the Hospital defendants have made a short and plain statement of their claim showing that they are entitled to

4

relief, which is all that is required of them under Rule 8(a)(2).  Taken as true, under these facts the Hospital Defendants may be entitled to recover for breach of contract, so the claims are not futile.  Rivell v. Private Health Care Systems, Inc., 520 F.3d 1308, 1309 (11th Cir. 2008).  Furthermore, the same analysis shows that in Counts I and II the Hospital Defendants have not failed to state a claim under Rule 12(b)(6).  Therefore, the Court will neither strike nor dismiss Counts I and II of the Answer.

The Plaintiff argues that Counts III and IV of the Answer are futile because the claims asserted "are already at issue in the form of affirmative defenses, and they would provide no more relief than could be obtained as defenses."  (Pl.'s Reply Br. 5.)  Despite Plaintiff's assertion, in Counts III and IV, the Hospital Defendants have further developed the factual bases for relief, and have asked the court, with a short and plain statement of the facts supporting relief, for a declaration that they are immune from Plaintiff's suit.  (Def.'s Answer 23-24.) While some of the relief requested may overlap what the Hospital Defendants have already asked for, the Plaintiff has shown no futility or prejudice in allowing these Counts, and certainly has shown no reason why this Court should exercise its discretion to strike these counts or to dismiss them for failure to state a claim. The Court is mindful that the standard for leave to amend is quite a liberal one, and will not strike these counts or dismiss them based on a conclusory allegation from the Plaintiff that these counts are futile.

5

For all of the foregoing reasons, the Motion is denied.

**SO ORDERED**, this the 9th day of October, 2009.


_s/ Hugh Lawson_
HUGH LAWSON, JUDGE

jch