IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| MARK G. WOOD, M.D., | : |
| Plaintiff, | : |
| v. | : Case No. 7:07-cv-109 (HL) |
| ARCHBOLD MEDICAL CENTER, INC., et al., | : |
| Defendants. | : |

### ORDER

This Court, yet again, has been asked to decide motions to file documents under seal. Specifically, these matters are before the Court on the Motion to Seal Peer Review Documents Filed in Connection with Plaintiff's Motion for Summary Judgment (Doc. 482) (the "Peer Review Motion") filed by Archbold Medical Center, John D. Archbold Memorial Hospital, Dr. James Story and Dr. Mel Hartsfield (the "Hospital Defendants"), and the Motion to Seal the Deposition Transcript of Ken B. Beverly Filed in Connection with Plaintiff's Motion for Summary Judgment (Doc. 484) (the "Deposition Motion") filed by Defendant Ken B. Beverly. For the following reasons, both motions are denied.

I.    **The Peer Review Motion (Doc. 482)**

On October 8, 2009, this Court revisited several orders regarding the filing of motions under seal and rescinded them. In that Order (Doc. 477), the Court instructed the parties that it would order documents filed under

seal only upon a showing of good cause. Pursuant to this directive, the Hospital Defendants ask this Court to order the clerk to file various peer review documents[1] under seal.[2]

In Romero v. Drummond Co., Inc., the Eleventh Circuit Court of appeals stated:

> 'The operations of the courts and the judicial conduct of judges are matters of utmost public concern,' . . . and '[t]he common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process.' This right 'includes the right to inspect and copy public records and documents.'

480 F.3d 1234, 1245 (11th Cir. 2007) (internal citations omitted, alterations in original). This right of access does not extend to most discovery motions, but it does extend to "'material filed in connection with pretrial motions that require judicial resolution of the merits[,]" such as summary judgment motions. Id. (citations omitted).

But this common law right of access is not absolute. "The common law right of access may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" Id. at 1246 (citations omitted, alterations in original).

---

[1] See the list of documents the Hospital Defendants seek to have filed under seal in Doc. 478, pages 1-5.

[2] In their Peer Review Motion, the Hospital Defendants refer this Court elsewhere for their argument, specifically to their Response in Support of Plaintiff's Motion for Leave to File Exhibits Under Seal (Doc. 478).

2

> '[W]hether good cause exists . . . is . . . decided by the nature and character of the information in question.'  In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

Id. (internal citations omitted, alterations in original).

Instead of addressing the factors established by the Eleventh Circuit, the Hospital Defendants have cited to Georgia state privilege law and federal health care legislation, neither of which is binding authority in this case.  (Doc. 478, p. 7-8.)  The Hospital Defendants also argue that this Court should order the peer review documents filed under seal because it is important to protect the confidentiality of documents relating to the quality and efficiency of medical care.  (Doc. 478, p. 7.)  Failure to file the documents under seal, the Hospital Defendants continue, would chill the peer review process, generate medical malpractice litigation and compromise private patient information.  (Doc. 478, p. 8.)  A similar argument was made, unsuccessfully, to the Court of Appeal for the District of Columbia Circuit in Johnson v. Greater Southeast Community Hospital Corp. 951 F.2d 1268 (D.C.Cir. 1991).  In that case, an antitrust case involving a doctor against a hospital, the D.C. Circuit applied a similar factors test and held that, for a motion to seal peer review documents, it is

insufficient "merely to allude to the Hospital's general interest in keeping peer review processes out of the public eye. That rationale sweeps far too broadly and would encompass all litigation involving public and private institutions that provide essential services to the public." Id. at 1277. Likewise, in this case where the Hospital Defendants make essentially the same argument, it is insufficient to justify an order sealing the peer review documents. Therefore, the Peer Review Motion (Doc. 482) is denied.

## II.     The Deposition Motion (Doc. 484)

In his Deposition Motion, Defendant Beverly asks this Court to seal his deposition transcript.

William Sellers formerly served as the CFO of Archbold Medical Center and the John D. Archbold Memorial Hospital. During the latter part of 2007, Mr. Sellers became the target of a criminal investigation relating to his alleged falsification of documents in order to procure for the medical center and the hospital Medicaid payments to which they were not entitled.

Plaintiff sought to depose Defendant Beverly, CEO of the Medical Center about the incidents surrounding this criminal investigation into Sellers's activities. At the deposition, however, without asserting any privilege or any right arising from the Fifth Amendment, Defendant Beverly refused to answer any questions touching on the criminal investigation involving Mr. Sellers. This Court instructed Defendant Beverly to answer

the questions and ordered the deposition transcript sealed (Doc. 185).[3] Both the Court and Defendant Beverly were concerned with not interfering with an ongoing criminal investigation. (Doc. 185; Doc. 205, p. 3-4.) Since the entry of the Order on the deposition, however, Sellers has pled guilty to the charges he is accused of and is awaiting sentencing. Therefore, the sole reason for the Order regarding the deposition transcript has disappeared. Defendant Beverly has not shown any other good cause why his deposition transcript should remain under seal. As the initial justification for allowing the deposition transcript to be filed under seal has disappeared, the Court's Order sealing Defendant Beverly's Deposition (Doc. 185) is hereby rescinded. Additionally, no party has shown, nor is it possible to show, that there is good cause to file this deposition transcript under seal, so the Deposition Motion (Doc. 484) is denied.

**SO ORDERED**, this the 14th day of October, 2009.

*s/ Hugh Lawson*
HUGH LAWSON, JUDGE

jch

---

[3] In this Order, the Court stated that it would reconsider the Order on motion of a party. (Doc. 185) On August 4, 2008, Plaintiff moved this Court to unseal the deposition transcript, but this Court would not grant such relief because "Plaintiff . . . failed to demonstrate any specific cause." (Doc. 380, p. 3.)

5