IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| MARK G. WOOD, M.D., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 7:07-CV-109 (HL) |
| | : | |
| ARCHBOLD MEDICAL CENTER, INC., | : | |
| JOHN D. ARCHBOLD MEMORIAL | : | |
| HOSPITAL, INC., | : | |
| KEN B. BEVERLY, | : | |
| JAMES L. STORY JR., M.D., | : | |
| MARSHALL DUNAWAY, M.D., | : | |
| MERRILL HICKS, M.D., | : | |
| RAUL G. SANTOS, M.D., | : | |
| MEL HARTSFIELD, M.D., | : | |
| VICTOR M. MCMILLAN, M.D., | : | |
| EDWARD HALL, M.D., | : | |
| NICHOLAS QUINIF, M.D., | : | |
| WESLEY W. SIMMS, M.D., | : | |
| RUDOLF HEIN, M.D., | : | |
| JAMES FALCONER, M.D., | : | |
| BRYAN R. GRIEME, M.D., | : | |
| and other unknown co-conspirators, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**ORDER**

This case is before the Court on the Hospital Defendants' Objection to and Motion to Strike Plaintiff's Statement of Additional Disputed Facts [Dockets 511 and 516], Portions of Docket 508, and Plaintiff's Summary Judgment Response Briefs [Docket 507 and Docket 510]. For the reasons discussed herein, the Motion to Strike (Doc. 517) is denied.

I.      **Documents 511, 516, and 508**

Plaintiff has filed a Statement of Additional Undisputed Material Facts in Response to Hospital Defendants' Motion for Summary Judgment (Doc. 511), a Statement of Facts in Opposition to Defendants' Motions for Summary Judgment Directed to Plaintiff's Federal Claims (Doc. 516), and a Statement of Additional Facts in Opposition to Defendants' Motions Directed to Dr. Wood's State Law Claims (Doc. 508)[1].

The Hospital Defendants argue that Local Rule 56 does not permit the filing of these pleadings. Plaintiffs respond that these statements were all offered in opposition to Defendants' Motions for Summary Judgment and for the Court's convenience. Plaintiff further states that Local Rule 56 does not preclude the filing of these pleadings.

Without making a specific ruling on whether or not the pleadings are allowed under Local Rule 56, the Court denies the Hospital Defendants' Motion to Strike as to Documents 508, 511, and 516. In a case of this magnitude in terms of filings and documentary evidence, and in light of the hearing scheduled for August 9, 2010, the Court will consider these pleadings at this time.

---

[1] The Statement of Additional Facts in Opposition to Defendants' Motions Directed to Dr. Wood's State Law Claims is contained in Plaintiff's Response to Mr. Beverly's Statement of Undisputed Material Facts (Doc. 508).

## II. Documents 507 and 510

The Hospital Defendants also contend that Plaintiff's Brief in Opposition to Defendants' Motions for Summary Judgment on Dr. Wood's State Law Claims (Doc. 507) and Plaintiff's Response to Defendants' Respective Motions for Summary Judgment (Doc. 510) should be stricken from the record because they exceed the page limit established by Local Rule 7.4 for response briefs.

On October 20, 2009, Plaintiff filed a motion in which he made several requests of the Court. He asked that he be given an additional two and a half pages, or ten pages total, to respond to Defendants' respective Motions for Summary Judgment. He also requested that he be allowed to file two consolidated briefs, instead of four separate briefs, in response to Defendants' Motions for Summary Judgment. (Doc. 492). In an order entered on October 21, 2009 (Doc. 494), the Court denied Plaintiff's request for the ten additional pages, but granted Plaintiff's request to file two consolidated response briefs instead of four separate response briefs.

Document 507 is 24 pages long. Document 510 is 55 pages long.[2] In response to the Hospital Defendants' argument that Plaintiff was limited to 20 pages for each of the two consolidated briefs, Plaintiff states that he took the 80 pages he would have been entitled to had he filed four separate response briefs and divided

---

[2] The signature pages and certificates of service attached to the documents are not counted.

those 80 pages between the two response briefs he filed. However, in the motion where he requested permission to file two briefs, rather than four, Plaintiff made no request to exceed the page limit other than the request for ten additional pages that was subsequently denied by the Court.

It was not the Court's intention in allowing Plaintiff to file two briefs that Plaintiff was to have 80 pages to respond to Defendants' Motions in any manner he chose, especially as Plaintiff did not make that request of the Court. Under normal circumstances, the Court would strike the responses and order Plaintiff to file new responses that complied with the Local Rules. The Court finds, however, that the circumstances before it are not normal. The Defendants have already filed their reply briefs in support of their Motions for Summary Judgment. The Motions have been submitted to the Court. Oral argument is scheduled for August 9. The Court does not believe it appropriate to strike the responses at this time. Plaintiff is cautioned, however, that the Court will not be so lenient in the future.

### III.   Conclusion

The Hospital Defendants' Objection to and Motion to Strike Plaintiff's Statement of Additional Disputed Facts, Portions of Docket 508, and Plaintiff's Summary Judgment Response Briefs (Doc. 517) is denied. This Motion is removed from the upcoming oral argument schedule.

**SO ORDERED**, this 3rd day of August, 2010.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh